[Cite as *Bedford v. Bradberry*, 2014-Ohio-2058.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   100285

## CITY OF BEDFORD

PLAINTIFF-APPELLEE

vs.

## MAURICE T. BRADBERRY

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Bedford Municipal Court
Case No. 11 CRB 01354

**BEFORE:**    Boyle, A.J., Kilbane, J., and McCormack, J.

**RELEASED AND JOURNALIZED:**    May 15, 2014

**ATTORNEYS FOR APPELLANT**

Stephanie M. Jackson
Julie C. Cortes
Legal Aid Society of Cleveland
1223 West Sixth Street
Cleveland, Ohio    44113


**ATTORNEY FOR APPELLEE**

John J. Montello
Law Director - Prosecutor
City of Bedford
165 Center Road
Bedford, Ohio    44146

MARY J. BOYLE, A.J.:

{¶1} Defendant-appellant, Maurice Bradberry, appeals the trial court's decision denying his motion to seal his criminal record pursuant to R.C. 2953.32. Finding no merit to the appeal, we affirm.

## Procedural History and Facts

{¶2} On May 10, 2013, Bradberry filed a motion in the Bedford Municipal Court to seal his 2011 conviction for theft, a violation of Bedford Codified Ordinances 545.05, a first-degree misdemeanor. The trial court held an expungement hearing and noted that Bradberry had more than one conviction for theft. Bradberry acknowledged that he had two convictions. Following Bradberry's 2011 conviction for theft, he was also convicted in a separate case in 2012 for the same offense. The trial court judge explained that the law does not allow for expungement when an offender has two of the same convictions, as here. Consequently, the trial court denied Bradberry's motion.

{¶3} Bradberry now appeals, raising a single assignment of error:

The trial court failed to follow the law when it denied Defendant-Appellant Maurice Bradberry's Motion to Seal Record of Conviction in violation of R.C. 2953.31, which provides that an applicant with not more than two misdemeanor convictions can seal his/her record of conviction.

## Application of R.C. 2953.31(A)

{¶4} The gravamen of Bradberry's arguments on appeal is that the trial court

erroneously applied R.C. 2953.31(A) in determining whether Bradberry was an eligible offender.

**{¶5}** Generally, this court reviews a trial court's decision to deny a R.C. 2953.32 expungement application under an abuse of discretion standard of review. *State v. Hilbert*, 145 Ohio App.3d 824, 827, 764 N.E.2d 1064 (8th Dist.2001). But issues of law, we review de novo. *State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, 918 N.E.2d 497, ¶ 6. The interpretation of R.C. 2953.31(A) and "the application of that statute in determining whether an offender is 'eligible' to have a conviction expunged are issues of law that we review de novo." *State v. Ushery*, 1st Dist. Hamilton No. C-120515, 2013-Ohio-2509, ¶ 6.

**{¶6}** In deciding this case, we are guided by the well-established rules of statutory construction. A court's principle concern in construing statutes is to ascertain and give effect to the legislative intent behind the statute. *Carnes v. Kemp*, 104 Ohio St.3d 629, 2004-Ohio-7107, 821 N.E.2d 180, ¶ 16. In order to determine intent, courts must first look to the words of the statute itself. *Id.* Where the terms of the statute are clear and unambiguous, the terms should be given their plain and ordinary meaning. *Barth v. Barth*, 113 Ohio St.3d 27, 2007-Ohio-973, 862 N.E.2d 496, ¶ 10.

**{¶7}** R.C. 2953.31(A), as amended by S.B. 337 in 2012, now defines an "eligible offender" as follows:

> anyone who has been convicted of an offense in this state or any other jurisdiction and who has not more than one felony conviction, not more than two misdemeanor convictions if the convictions are not of the same offense, or not more than one felony conviction and one misdemeanor

conviction in this state or any other jurisdiction.

**{¶8}** Bradberry contends that the phrase — "if the convictions are not of the same offense" — is ambiguous and that the trial court should have construed it to mean that a "person can seal any two misdemeanors." He argues that this is the most logical reading of the statute that comports with the General Assembly's recent amendment to expand the number of offenders eligible for expungement.

**{¶9}** Here, the trial court denied Bradberry's motion to seal his record on the grounds that Bradberry has been convicted of two separate misdemeanor theft offenses. We find that the trial court properly applied the statute in reaching this conclusion. The plain and ordinary meaning of the statute excludes persons that have two misdemeanor convictions of the same offense. Contrary to Bradberry's assertion, we do not find the phrase "if the convictions are not of the same offense" to be ambiguous. *See generally State v. Mullin*, 12th Dist. Clermont No. CA2013-04-033, 2014-Ohio-764 (recognizing that R.C. 2953.31(A) is "unambiguous," albeit interpreting the language related to the time limitation in the statute).

**{¶10}** To interpret the statute as Bradberry suggests, we would essentially have to ignore the plain meaning of the phrase "if the convictions are not of the same offense." Such an approach directly contravenes our directive in interpreting statutes. Nor does Bradberry cite any authority in support of his interpretation.

**{¶11}** Further, we find no merit to Bradberry's claim that the phrase "if the convictions are not of the same offense" simply makes clear that the General Assembly

intended to preserve a part of the former statute that treats multiple convictions as a single conviction if a part of the "same act" or if from related criminal acts committed within a three-month period. This section of the statute states in pertinent part:

> When two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction. When two or three convictions result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, they shall be counted as one conviction * * *.

R.C. 2953.31.

{¶12} This argument is flawed, however, because the General Assembly in the adoption of the 2012 amendment specifically preserved the eligibility of these offenders with the exact same phraseology contained in the 2010 amendment.

{¶13} And while we agree that the 2012 amendment expanded the opportunity for expungement to now allow sealing of records for those with two convictions from the more limited "first offender" definition contained in the 2010 statute, which permitted the sealing of records for those who had only one conviction, the amendment clearly contains limitations. Specifically, the statute limits the definition of eligible offender to those that have been convicted of either a felony and a misdemeanor or two misdemeanors provided that they were not for "the same offense."

{¶14} As for the General Assembly's reasoning in choosing to treat an offender with a felony and a misdemeanor more favorably than someone who has been convicted of two less innocuous misdemeanors of the "same offense," we note that "[i]t is not a

court's function to pass judgment on the wisdom of the legislation, for that is the task of the legislative body which enacted the legislation." *Klein v. Leis*, 99 Ohio St.3d 537, 2003-Ohio-4779, 795 N.E.2d 633, ¶ 14. The statute as written evidences the General Assembly's intent to exclude offenders who have a propensity of committing the same offense.[1] Further, because we find that the statute is clear and unambiguous, we need not go beyond the plain language of the statute to determine the legislative intent.

{¶15} The sole assignment of error is overruled.

{¶16} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, ADMINISTRATIVE JUDGE

MARY EILEEN KILBANE, J., and
TIM McCORMACK, J., CONCUR

---

[1] We note, however, that there is legislation pending that seeks to amend the statute and delete the phrase "if the convictions are not of the same offense" in reference to an offender who has two misdemeanor convictions. *See* S.B. 143.