[Cite as *State v. T.D.*, 2022-Ohio-3741.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 111307 |
| v. | : | |
| T.D., | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 20, 2022

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-95-330156-ZA and CR-95-331519-ZA

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Anthony T. Miranda, Assistant Prosecuting Attorney, *for appellee*.

T.D., *pro se*.

EILEEN T. GALLAGHER, J.:

{¶ 1} Defendant-appellant, T.D., pro se, appeals two judgments of the Cuyahoga County Court of Common Pleas denying applications to seal his record of convictions in Cuyahoga C.P. No. CR-95-330156-ZA and Cuyahoga C.P. No. CR-95-331519-ZA. He claims the following errors:

1. The trial court erred by summarily and categorically denying application to seal records of conviction without making the requisite findings under R.C. 2953.32.

2. The trial court erred by failing to consider the mandatory factors at the expungement hearing and failed to make the necessary findings in its journal entry.

3. Despite the state's objection, applicant qualifies as an "eligible offender" under R.C. 2953.31.

4. The trial court committed reversible error by finding applicant ineligible for the expungement and/or sealing of his felony conviction.

5. The court's denial of applicant's motion for expungement was an abuse of discretion.

We find that because T.D. is not an "eligible offender" as defined in R.C. 2953.31, he is not eligible to have his convictions sealed. Accordingly, we affirm the trial court's judgment.

## I. Facts and Procedural History

{¶ 2} In November 2021, T.D. filed a motion to seal the record of criminal convictions in two cases; Cuyahoga C.P. CR-95-330156-ZA and Cuyahoga C.P. CR-95-331519-ZA. In C.P. CR-95-330156-ZA, T.D. was convicted of attempted assault of a police officer in violation of R.C. 2923.02/2903.13, a first-degree misdemeanor. In C.P. CR-95-331519-ZA, T.D. was convicted of drug abuse in violation of R.C. 2925.11, a fourth-degree felony.

{¶ 3} After T.D. filed the motion to seal records, the court ordered an expungement investigation report. According to the expungement investigation report, T.D. was convicted of numerous offenses, including attempted assault of a police officer and domestic violence. The state filed a brief in opposition to T.D.'s

motion, arguing that based on his criminal history, he was not eligible to have his convictions sealed. The trial court denied T.D.'s motion without a hearing. Following a request for findings of fact and conclusions of law, the court issued a judgment entry finding that T.D. is not an "eligible offender" under R.C. 2953.31(A)(1)(a) or (b). T.D. now appeals the trial court's judgment, raising five assignments of error, which we discuss out of order and together where appropriate.

## II. Law and Analysis

### A. Eligible Offender

{¶ 4} In the third and fourth assignments of error, T.D. argues the trial court erred in finding that he was not an "eligible offender" under R.C. 2953.31. In the fifth assignment of error, he argues the trial court abused its discretion in denying his motion to seal records. We discuss these assigned errors together because they are interrelated.

{¶ 5} An appellate court generally reviews the denial of an application to seal records for an abuse of discretion. *Bedford v. Bradberry*, 8th Dist. Cuyahoga No. 100285, 2014-Ohio-2058, ¶ 5. However, issues of law are subject to de novo review. *State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, 918 N.E.2d 497, ¶ 6.

{¶ 6} The trial court denied T.D.'s motion to seal records on grounds that he was not an "eligible offender" as defined in R.C. 2953.31(A). "The interpretation of R.C. 2953.31(A) and 'the application of that statute in determining whether an offender is "eligible" to have a conviction expunged are issues of law that we review de novo.'" *Bedford* at ¶ 5, quoting *State v. Ushery*, 1st Dist. Hamilton No. C-120515,

2013-Ohio-2509, ¶ 6. We, therefore, apply a de novo review to these issues. A de novo review is an independent review, without any deference to the trial court's determination. *State v. Buehner*, 8th Dist. Cuyahoga No. 109699, 2021-Ohio-4435, ¶ 43.

{¶ 7} Only an "eligible offender" may apply to have his or her record of conviction sealed. R.C. 2953.32(A)(1). Hence, the court to which the application is made "shall" first "[d]etermine whether the applicant is an eligible offender * * *" R.C. 2953.32(C)(1)(a). If the court finds the applicant is an eligible offender, it must then employ its discretion in weighing a number of substantive considerations in favor or against the sealing of the applicant's record. R.C. 2953.32(C). However, where the applicant is not an eligible offender, the court need not proceed to the second step of the analysis because the threshold requirement of qualifying as an "eligible offender" has not been met. R.C. 2953.31(A)(1).

{¶ 8} R.C. 2953.31(A) provides two definitions for the term "eligible offender." *See* R.C. 2953.31(A)(1)(a) and (A)(1)(b). R.C. 2953.31(A)(1)(a) defines an "eligible offender" as "[a]nyone who has been convicted of one or more offenses in this state or any other jurisdiction if all of the offenses in this state are felonies of the fourth or fifth degree or misdemeanors *and none of those offenses are an offense of violence* or a felony sex offense[.]" (Emphasis added.) R.C. 2901.01 defines the term "offense of violence" as, among other things, a violation of R.C. 2919.25, the domestic violence statute, and a violation of R.C. 2903.13, the assault statute.

{¶ 9} According to the expungement investigation report, T.D. was convicted of domestic violence, a fourth-degree misdemeanor, in April 2000. He was also convicted of assault on a police officer, a first-degree misdemeanor, in September 1995. He, therefore, fails to meet the first definition of an "eligible offender" under R.C. 2953.31(A)(1)(a), due to his domestic violence and assault convictions. Although T.D. argues his domestic violence conviction was not an offense of violence because it was a fourth-degree misdemeanor, he provides no legal authority to support that proposition, and we find nothing in the statute to support that argument. We, therefore, conclude that T.D.'s domestic-violence conviction is an offense of violence that renders him ineligible for expungement under R.C. 2953.31(A)(1)(a).

{¶ 10} If an offender has been convicted of an offense of violence that precludes him from eligibility under the R.C. 2953.31(A)(1)(a), the offender must meet the eligibility requirements set forth in R.C. 2953.31(A)(1)(b) to qualify as an "eligible offender." R.C. 2953.31(A)(1)(b) defines an "eligible offender" as

> [a]nyone who has been convicted of an offense in this state * * * to whom division (A)(1)(a) of this section does not apply, and who has not more than two felony convictions, has not more than four misdemeanor convictions, or, if the person has exactly two felony convictions and two misdemeanor convictions * * *.

{¶ 11} The expungement investigation report indicates that T.D. has more than two felony convictions and more than two misdemeanor convictions. He, therefore, fails to meet the second definition of an "eligible offender" under R.C. 2953.31(A)(1)(b).

{¶ 12} T.D. nevertheless argues that his assault conviction in C.P. CR-95-330156-ZA is "an expungeable offense" pursuant to R.C. 2953.36(A)(4). R.C. 2953.36(A)(4), as amended in April 2021, provides that sections 2953.31 to 2953.35 of the Revised Code do not apply to the following:

> (4) Convictions of an offense of violence when the offense is a misdemeanor of the first degree or a felony and when the offense is not a violation of section 2917.03 of the Revised Code and is not a violation of section 2903.13, 2917.01, or 2917.31 of the Revised Code that is a misdemeanor of the first degree.

This subsection is confusing because it is written in the negative. Nevertheless, this court previously interpreted this same language in a former version of the statute and concluded that it "conjunctively excepts four specific violent offenses from the general preclusion: riot (R.C. 2917.03), and misdemeanor violations of assault (R.C. 2903.13), inciting violence (R.C. 2917.01) and inducing panic (R.C. 2917.31)." *Euclid v. El-Zant*, 143 Ohio App3d 545, 547, 758 N.E.2d 700 (8th Dist.2001). Thus, T.D. is correct that his assault conviction is an "expungeable offense."

{¶ 13} However, just because the offense is eligible for sealing does not end the analysis. In order for an "eligible offense" to be expunged, the applicant, himself, must meet the eligibility requirements defined in R.C. 2953.31(A)(1)(a) and (A)(1)(b). And, as previously explained, T.D.'s domestic violence conviction precludes him from meeting the definition of an "eligible offender" under R.C. 2953.31(A)(1)(a), and T.D.'s numerous felony and misdemeanor convictions preclude him from meeting the definition of an "eligible offender" under 2953.31(A)(1)(b).

{¶ 14} Therefore, the trial court properly concluded that T.D. is not an eligible offender, who may have his convictions sealed. And since the determination as to whether T.D. is an eligible offender is a question of law, there was no abuse of discretion.

{¶ 15} Accordingly, the third, fourth, and fifth assignments of error are overruled.

## B. Hearing and Findings

{¶ 16} In the first and second assignments of error, T.D. argues the trial court erred by summarily denying his application to seal records of conviction without holding a hearing and without making the requisite findings under R.C. 2953.32.

{¶ 17} R.C. 2953.32(B) provides, in part, that "[u]pon the filing of an application under this section, the court shall set a date for a hearing and shall notify the prosecutor for the case of the hearing on the application." Thus, ordinarily, a hearing is mandatory. However, where the sole issue in the case presents a question of law, i.e., whether an applicant is an "eligible offender," a hearing is unnecessary. *State v. J.K.*, 8th Dist. Cuyahoga No. 96574, 2011-Ohio-5675, ¶ 16 (where sole issue is whether applicant is an eligible offender, an evidentiary hearing is not required); *State v. D.D.G.*, 8th Dist. Cuyahoga Nos. 108291 and 108342, 2019-Ohio-4982, ¶ 25-26 ("[A] trial court does not need to hold a hearing when an offender is not eligible as a matter of law and that ineligibility can be established by proof or documentation included in the record.").

{¶ 18} The facts in this case are undisputed. T.D. does not deny his criminal record. Rather, he contends he is an eligible offender and that his convictions are expungeable offenses. These determinations can be made based on documentation in the record, including the expungement investigation report, without an evidentiary hearing. Therefore, the trial court did not err in finding that T.D. was ineligible to have his record sealed without holding a hearing.

{¶ 19} Finally, T.D. argues the trial court erroneously failed to provide findings of fact and conclusions of law in its judgment entry denying his motion to seal records. However, "the trial court is not required to make specific findings relative to R.C. 2953.32 * * *." *State v. H.M.*, 8th Dist. Cuyahoga No. 106513, 2018-Ohio-2946, ¶ 21. Moreover, T.D. requested findings of fact and conclusions of law, and the trial court granted the request and issued a finding that "[d]efendant is not an 'eligible offender.'" (Journal entry, Feb. 18, 2022.) No other findings were required to deny T.D.'s motion.

{¶ 20} Therefore, the first and second assignments of error are overruled.

{¶ 21} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, P.J., CONCURS;
MARY J. BOYLE, J., CONCURS IN JUDGMENT ONLY (WITH SEPARATE OPINION)

MARY J. BOYLE, J., CONCURRING IN JUDGMENT ONLY:

{¶ 22} Respectfully, T.D.'s five assignments of error can be resolved at the threshold determination of his eligibility. R.C. 2953.31(A)(1)(b) states that to be eligible for expungement, an offender cannot have more than two felony convictions and four misdemeanor convictions. Over the years, the legislature has amended the statute to relax the eligibility requirements. For instance, the law no longer requires that an offender be a "first-time offender." What is clear in the current statute, however, is that the number of offenses governs eligibility, no matter the age of the offense or the length of time the offender has remained law-abiding. Here, T.D.'s 6 felony convictions and 6 misdemeanor convictions are all over 20 years old, but they nevertheless render him ineligible for expungement as a matter of law under R.C. 2953.31.[1] We need go no further. I therefore concur in judgment only.

_____

[1] In addition to T.D.'s application to seal the record of his convictions in Cuyahoga C.P. Nos. CR-95-330156-ZA and CR-95-331519-ZA, T.D. has applications currently pending before four separate jurists to seal the record of his convictions in Cuyahoga C.P. Nos. CR-93-302386-ZA, CR-95-321727-ZA, CR-95-322272-ZA, CR-95-327933-A, CR-95-327568-ZA, CR-97-346721-ZA, and CR-97-350813-ZA.