[Cite as *In re S.D.L.*, 2023-Ohio-929.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO,                           :

     Plaintiff-Appellee,         :

                                 No. 111791

     v.                                   :

S.D.L.,                                  :

     Defendant-Appellant.        :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** March 23, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-16-611872-A

---

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Sarah E. Hutnik, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Erika B. Cunliffe, Assistant Public Defender, *for appellant.*

FRANK DANIEL CELEBREZZE, III, P.J.:

{¶ 1} Appellant S.L. ("S.L.") appeals the judgment of the Cuyahoga County Court of Common Pleas denying his motion to seal records of his criminal

conviction. After a thorough review of the applicable law and facts, we reverse the judgment of the trial court and remand for further proceedings.

## I. Factual and Procedural History

{¶ 2} S.L. was indicted in December 2016 on charges of failure to comply, a felony of the third degree, in violation of R.C. 2921.331(B); tampering with evidence, a felony of the third degree, in violation of R.C. 2921.12(A)(1); improperly handling firearms in a motor vehicle, a felony of the fourth degree, in violation of R.C. 2923.16(B), with accompanying forfeiture specifications; carrying a concealed weapon, a felony of the fourth degree, in violation of R.C. 2923.12(A)(1), with accompanying forfeiture specifications; and resisting arrest, a misdemeanor of the second degree, in violation of R.C. 2921.33(A).

{¶ 3} In March 2017, S.L. ultimately pled guilty to the charges for failure to comply and improperly handling firearms in a motor vehicle, along with the accompanying forfeiture specifications. The remaining charges were nolled.

{¶ 4} In April 2017, the trial court sentenced S.L. to two years of community control on each count and ordered S.L. to pay court costs. The sentencing entry stated that S.L.'s community control would terminate after he writes a letter of apology to the Euclid Police Department and obtains his GED. In June 2017, the trial court entered an order allowing S.L. to complete court community service in lieu of fees and costs.

{¶ 5} The docket reflects that S.L.'s community control was terminated in April 2019. Three years later, S.L. filed an application for sealing of the record of

conviction pursuant to R.C. 2953.32(A)(1). The court then ordered an expungement report/investigation to be prepared within 45 days.

{¶ 6} The state filed a brief in response to S.L.'s application, stating that it deferred to the court's discretion regarding whether to grant the application. The state acknowledged that S.L. was an eligible offender under R.C. 2953.31(A)(1) but noted that he still had an outstanding financial obligation. According to the expungement investigation report, S.L. still owed $436 in court costs and $480 in supervision fees.

{¶ 7} The trial court denied S.L.'s motion without holding a hearing, finding that "[S.L.] needs to meet his financial obligations." S.L. then filed the instant appeal, raising one assignment of error for our review:

> The trial court violated S.L.'s right to due process when it denied his application to seal this [sic] criminal record; and in doing so without a hearing.

## II. Law and Analysis

{¶ 8} We apply an abuse of discretion standard in reviewing the denial of a petition to seal a record under R.C. 2953.32.[1] *Bedford v. Bradberry*, 8th Dist.

---

[1] Preliminarily, we note that while the words "sealing" and "expungement" have, at times, been used interchangeably in this case, they are not the same thing. "Expungement occurs when a conviction is completely erased from one's record. Sealing is when the records of a conviction are filed in a 'separate, secured location' and 'cannot be seen by most people.'" *State v. D.D.G.*, 2019-Ohio-4982, 136 N.E.3d 1271, ¶ 5 (8th Dist.), quoting The Ohio Justice & Policy Center's Criminal Records Manual, Understanding and Clearing Up Ohio Criminal Records, and Overcoming the Barriers They Create, http://ohiojpc.org/wp-content/uploads/2015/07/OJPCs-Criminal-Record-Manual.pdf (accessed Sept. 18, 2019).

Cuyahoga No. 100285, 2014-Ohio-2058, ¶ 5, citing *State v. Hilbert*, 145 Ohio App.3d 824, 827, 764 N.E.2d 1064 (8th Dist.2001). However, an abuse-of-discretion standard is not appropriate when a lower court's judgment is based on an erroneous interpretation of the law. *State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, 918 N.E.2d 497, ¶ 6. A trial court's interpretation of a statute is a question of law that we review de novo. *State v. Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, 998 N.E.2d 401, ¶ 9.

{¶ 9} Only an "eligible offender" may apply to have his or her record of conviction sealed. R.C. 2953.32(A)(1). Hence, the court to which the application is made "shall" first "[d]etermine whether the applicant is an eligible offender * * * ." R.C. 2953.32(C)(1)(a). "If the court finds the applicant is an eligible offender, it must then employ its discretion in weighing a number of substantive considerations in favor or against the sealing of the applicant's record." *State v. T.D.*, 8th Dist. Cuyahoga No. 111307, 2022-Ohio-3741, ¶ 7, citing R.C. 2953.32(C).

{¶ 10} There is no dispute in this matter that S.L. is an eligible offender. The only question therefore is whether the trial court erred in failing to hold a hearing before denying S.L.'s application. We find that it did.

{¶ 11} R.C. 2953.32(B) states, "Upon the filing of an application under this section, the court *shall* set a date for a hearing and shall notify the prosecutor for the case of the hearing on the application." (Emphasis added.) As we have previously explained, the statute's explicit language does not, in fact, require a trial court to "hold" a hearing; instead, the statute only requires a trial court to "set" a date for the

hearing. *See D.D.G.*, 2019-Ohio-4982, 136 N.E.3d 1271, at ¶ 26, citing *State ex rel. Cincinnati Enquirer v. Lyons*, 140 Ohio St.3d 7, 2014-Ohio-2354, 14 N.E.3d 989, ¶ 27-29 (R.C. 2953.32(B)'s plain language does not require the trial court to "hold a hearing," but, instead, only requires it to "set a date for a hearing.").

{¶ 12} We noted in *D.D.G.* that "[w]e believe that the General Assembly intended to have a trial court set a hearing to set a deadline for the prosecutor, with the understanding that not all applications for sealing require a hearing to actually be held, i.e., when an offender is not eligible as a matter of law." *Id.* at ¶ 28.

{¶ 13} The state, citing *D.D.G.*, argues that the failure to set a hearing was harmless error because a hearing would not have changed S.L.'s outstanding financial obligations, which it argues were a valid basis for the court to deny S.L.'s application. However, this matter can be easily distinguished from *D.D.G.*, where the offender was patently ineligible, and thus there was no need for a hearing. In the case sub judice, as noted above, there is no dispute that S.L. is an eligible offender under the statute.

{¶ 14} R.C. 2953.32(C)(1) requires the court to do the following:

(a) Determine whether the applicant is an eligible offender * * * .

(b) Determine whether criminal proceedings are pending against the applicant;

(c) If the applicant is an eligible offender who applies pursuant to division (A)(1) of this section, determine whether the applicant has been rehabilitated to the satisfaction of the court;

(d) If the prosecutor has filed an objection in accordance with division (B) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;

(e) Weigh the interests of the applicant in having the records pertaining to the applicant's conviction or bail forfeiture sealed against the legitimate needs, if any, of the government to maintain those records

{¶ 15} In *State v. J.K.*, 8th Dist. Cuyahoga No. 96574, 2011-Ohio-5675, we recognized that this court has repeatedly held that an oral hearing on an application for sealing is mandatory; the failure to hold such hearing is grounds for reversal and remand. *Id.* at ¶ 15. The rationale that a trial court must first hold a hearing is "'obviously predicated upon the fact that, under normal circumstances, a trial court would be required to hear evidence prior to rendering its decision in order to make several determinations pursuant to [R.C. 2953.32(C)(1)(a) through (e)].'" *Id.*, quoting *State v. Haney*, 10th Dist. Franklin No. 99AP-159, 1999 Ohio App. LEXIS 5524 (Nov. 23, 1999). The objective of the hearing is to gather information; the proceedings are not adversarial. *State v. T.S.*, 8th Dist. Cuyahoga No. 102648, 2017-Ohio-7395, ¶ 15, citing *State v. Simon*, 87 Ohio St.3d 533, 721 N.E.2d 1041 (2000).

{¶ 16} From the record before us, we can only determine that S.L. is an eligible offender under the statute. There is no evidence before us as to the remainder of the determinations required by R.C. 2953.32(C)(1). Such evidence would normally be presented at the hearing and reviewable on appeal. We find that the trial court was required to both set and hold a hearing in order to make the determinations required by R.C. 2953.32(C)(1). S.L.'s sole assignment of error is sustained, and we reverse and remand this matter for further proceedings.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK DANIEL CELEBREZZE, III, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
EMANUELLA D. GROVES, J., CONCUR