[Cite as *State v. A.M.*, 2025-Ohio-647.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

STATE OF OHIO,                                  :

      Plaintiff-Appellant,            :

                                       No. 113931

      v.                              :

A.M.,                                          :

      Defendant-Appellee.             :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED, VACATED, AND REMANDED
**RELEASED AND JOURNALIZED:** February 27, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-97-351267-B

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Matthew W. Moretto, Assistant Prosecuting Attorney, *for appellant.*

Cullen Sweeney, Cuyahoga County Public Defender, and Erika B. Cunliffe, Assistant Public Defender, *for appellee.*

SEAN C. GALLAGHER, J.:

{¶ 1} The State appeals the trial court's decision expunging the appellee's record of his 1997 conviction for inciting to violence despite the Expungement Investigation Report demonstrating that appellee was not eligible based on the

unpaid fine and a pending criminal case. The appellee concedes that reversible error occurred. When a party concedes an error that is dispositive of the appeal, an appellate court conducts its own review of the record to determine whether the concession accurately reflects settled law based on the record presented for review. *See, e.g., State v. Forbes*, 2022-Ohio-2871, ¶ 2 (8th Dist.); *Cleveland v. Patterson*, 2020-Ohio-1628, ¶ 6 (8th Dist.); *see also* Loc.App.R. 16(B). Upon that review, we agree with the parties.

{¶ 2} In 1997, appellee pleaded guilty to a first degree, misdemeanor inciting-to-violence charge. The trial court suspended the court costs. The $100 fine, the only sanction imposed, was never paid (and likely is a remarkable deal in today's dollar given the effects of inflation). On March 8, 2024, the appellee filed a motion to seal the record of conviction under R.C. 2953.32 claiming that the almost 30-year-old misdemeanor conviction was stymieing his ability to find work. A report was prepared by the probation department that, in pertinent part, noted appellee's failure to pay the imposed fine and that he had another pending criminal matter in Cleveland Municipal Court, capping a lengthy criminal record since 1997. Based on the report, the State opposed the application to expunge the conviction.

{¶ 3} On April 23, 2024, less than 60 days following the filing of the motion and with no record of a hearing being scheduled or conducted on the record, the trial court granted the motion to expunge despite the outstanding fine and pending criminal matter noted in the report. This appeal timely followed.

**{¶ 4}** Ohio law permits a trial court to order the sealing of a record of conviction of an "eligible offender."  The determination of whether an applicant is "eligible" is generally reviewed de novo based on the hearing record.  *State v. M.E.*, 2018-Ohio-4715, ¶ 6 (8th Dist.), citing *State v. M.R.*, 2010-Ohio-6025, ¶ 15 (8th Dist.).  A trial court is authorized to grant an application to seal a record of conviction but only when all of the statutory requirements have been met.  *Id.* at ¶ 7.  Further, "[u]pon the filing of an application under this section, the court shall set a date for a hearing and shall notify the prosecutor for the case of the hearing on the application *not less than sixty days prior to the hearing.*"  (Emphasis added.)  R.C. 2953.32(C).  The express purpose of the timing requirements is to permit the State, as required under the Ohio Constitution, to timely notify any victim impacted by the sealing of the record.

**{¶ 5}** In light of the timing noted above, the trial court did not comply with the statutory hearing requirements.  *State v. S.D.L.*, 2023-Ohio-929, ¶ 15 (8th Dist.), citing *State v. J.K.*, 2011-Ohio-5675, ¶ 15 (8th Dist.) (concluding that it is reversible error to grant or deny a motion to seal a record under R.C. 2953.32 without first conducting a hearing and providing the required notice).  In this case, no hearing was set or conducted on the record, and the only document in this record demonstrates that appellee was not an eligible offender at the time of his filing the motion to expunge.

**{¶ 6}** The trial court was required to both set and conduct a hearing in order to make the determinations required by R.C. 2953.32, as well as to provide notice to

the State at least 60 days in advance of that hearing. Accordingly, and based on the concession of error, the decision expunging appellee's conviction is reversed, that order vacated, and this matter remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for further proceedings.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

SEAN C. GALLAGHER, JUDGE

EMANUELLA D. GROVES, P.J., and
ANITA LASTER MAYS, J., CONCUR