[Cite as *State v. M.F.*, 2025-Ohio-747.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellant, | : | Nos. 114032 and 114033 |
| v. | : | |
| M.F., | : | |
| Defendant-Appellee. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED
**RELEASED AND JOURNALIZED:** March 6, 2025

Civil Appeal from the Cuyahoga County Common Pleas Court
Case Nos. CR-17-618565 and CR-17-621528

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Matthew W. Moretto, Assistant Prosecuting Attorney, *for appellant.*

Cullen Sweeney, Cuyahoga County Public Defender, and Erika B. Cunliffe, Assistant Public Defender, *for appellee.*

MICHELLE J. SHEEHAN, P.J.:

{¶ 1} Plaintiff-appellant, State of Ohio, appeals the trial court's judgment entries in Cuyahoga C.P. Nos. CR-17-618565 and CR-17-621528 granting defendant-appellee M.F.'s motions to seal the records in both cases. The State raises three

assignments of error asserting that the trial court was precluded from sealing these cases, in full or in part, since they each include or relate to a charge not eligible for sealing. M.F. has filed a notice of conceded error pursuant to Loc.App.R. 16(B).

## I. Procedural History and Relevant Facts

{¶ 2} On June 21, 2017, M.F. was arrested for driving under the influence and various drug offenses. He was bound over to the Cuyahoga County Common Pleas Court on the drug offenses in Case No. CR-17-618565. The indictment charged M.F. with two counts of drug possession, felonies of the fifth degree, and one count of drug possession, a misdemeanor of the first degree. On October 24, 2017, the trial court dismissed this case at the request of the State, because the case had been reindicted in Case No. CR-17-621528. (Case No. CR-17-618565 will hereinafter be referred to as the "dismissed case.")

{¶ 3} The indictment in Case No. CR-17-621528 included the drug possession charges originally charged in the dismissed case and included an additional charge of driving while under the influence, a misdemeanor of the first degree. All offenses listed in the indictment occurred on or about June 21, 2017. On October 19, 2017, M.F. pleaded guilty to Counts 1 and 2 — drug possession, felonies of the first degree, in violation of R.C. 2925.11; Count 3 — drug possession, a misdemeanor of the first degree, in violation of R.C. 2925.11; and Count 4 — physical control of vehicle while under the influence, in violation of R.C. 4511.194(B), a misdemeanor of the fourth degree (as amended in the indictment). M.F. was placed

under the supervision of the county probation department's intervention-in lieu-of-conviction program.

{¶ 4} On April 17, 2018, the trial court determined M.F. had violated the terms of the intervention-in-lieu-of-conviction program and found M.F. guilty of the charged offenses. M.F. was sentenced to 11 months in prison.

{¶ 5} On January 4, 2024, M.F. filed a motion to seal in the dismissed case. On May 13, 2024, M.F. filed motions to seal both cases under their respective case numbers. The State filed motions in opposition in both cases the same day. On May 22, 2024, the trial court granted M.F.'s motion to seal in the dismissed case. On May 24, 2024, in Case No. CR-17-621528, the trial court ordered Counts 1 — 3 sealed but recognized that the physical control of vehicle while under the influence conviction was ineligible for sealing. The case was ordered partially sealed.

{¶ 6} On June 11, 2024, the State appealed both judgment entries. Both cases were consolidated for briefing, hearing, and disposition.

## II. Law and Analysis

{¶ 7} We review a trial court's decision to seal or expunge a record of conviction under an abuse-of-discretion standard. *State v. J.W.G.,* 2024-Ohio-2071, ¶ 6 (8th Dist.), citing *Bedford v. Bradberry,* 2014-Ohio-2058, ¶ 5 (8th Dist.). But whether an applicant is eligible to have his records sealed or expunged is a question of law to be reviewed de novo. *See State v. V.S.,* 2017-Ohio-1565, ¶ 6 (8th Dist.), citing *Bradberry* at ¶ 5.

{¶ 8} R.C. 2953.32 lists several offenses that are not eligible for sealing or expungement. It provides, in relevant part, that the sealing and expungement statutes do not apply to "[c]onvictions under Chapter 4506., 4507., 4510., 4511., or 4549. of the Revised Code, or a conviction for a violation of a municipal ordinance that is substantially similar to any section contained in any of those chapters[.]" R.C. 2953.32(A)(1)(a). Case No. CR-17-621528 includes a conviction for having physical control of vehicle while under the influence, in violation of R.C. 4511.194(B). M.F.'s conviction on this offense is not eligible to be sealed.

{¶ 9} In Case No. CR-17-621528, the trial court improperly ordered the case to be sealed in part by ordering all counts, except the physical control count, sealed. The court was without authority to do so. The Ohio Supreme Court has held that when an applicant with multiple convictions under one case number moves to seal his or her criminal record in that case and one of those convictions is not eligible for sealing, the trial court may not seal the remaining convictions. *State v. Futral,* 2009-Ohio-5590, ¶ 21. The Court reasoned that the trial court "cannot seal 'all official records pertaining to that case' while simultaneously maintaining the record of conviction in the case[.]" *State v. G.K.,* 2022-Ohio-2858, ¶ 19, quoting *Futral* at ¶ 19. The trial court erred when it ordered Case No. CR-17-621528 to be sealed in part.

{¶ 10} The trial court also improperly sealed the dismissed case. R.C. 2953.61 governs the sealing of records in cases involving multiple charges. It provides, in relevant part:

(A) Except as provided in division (B)(1) of this section, a person charged with two or more offenses as a result of or in connection with the same act may not apply to the court pursuant to section 2953.32, 2953.33, or 2953.521 of the Revised Code for the sealing or expungement of the person's record in relation to any of the charges, and a prosecutor may not apply to the court pursuant to section 2953.39 of the Revised Code for the sealing or expungement of the record of a person in relation to any of the charges if the person was charged with two or more offenses as a result of or in connection with the same act, when at least one of the charges has a final disposition that is different from the final disposition of the other charges until such time as the person, or prosecutor, would be able to apply to the court and have all of the records pertaining to all of those charges sealed or expunged pursuant to section 2953.32, 2953.33, 2953.39, or 2953.521 of the Revised Code.

R.C. 2953.61(A).

{¶ 11} In short, until all charged offenses that arise from the same act are eligible for expungement or sealing, none are eligible for sealing or expungement. It is undisputed that the charges in Case No. CR-17-621528 and the dismissed case arose out of the same set of facts. As a result, M.F. is not eligible to have the records in the dismissed case sealed until Case No. CR-17-621528 is eligible to be sealed. As discussed above, CR-17-621528 is not eligible to be sealed at this time; therefore the charges in the dismissed case are not eligible to be sealed. The trial court erred in sealing the records in the dismissed case.

{¶ 12} M.F. was not eligible to have either case in this matter sealed, either in part or in full. As such, the trial court erred in granting M.F.'s motions to seal in Case CR-17-621528 and the dismissed case, CR-17-618565. Accordingly, the State's assignments of error are sustained.

{¶ 13} Judgments vacated.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, PRESIDING JUDGE

MICHAEL JOHN RYAN, J., and
DEENA R. CALABRESE, J., CONCUR