THE STATE OF OHIO, APPELLEE, *v.*
PETROU, APPELLANT.

(No. 11308—Decided February 1, 1984.)

*Mr. Lynn C. Slaby,* prosecuting attorney, for appellee.

*Mr. Christopher T. Cherpas,* for appellant.

GEORGE, J. The defendant-appellant, James S. Petrou, was convicted of permitting drug abuse, R.C. 2925.13(A), a first degree misdemeanor. Thereafter, he was convicted of disorderly conduct by intoxication under a municipal ordinance similar to R.C. 2917.11(B), a minor misdemeanor. Petrou applied to the trial court for an expungement of the drug abuse conviction. Expungement was denied on the basis that Petrou did not have the requisite status of a "first offender." Petrou appeals claiming that the legislature did not intend to include minor misdemeanor convictions, such as status offenses and traffic violations, within the meaning of the word "offense."

R.C. 2953.31 defines a first offender as "anyone who has once been convicted of an offense in this state or any other jurisdiction." The term "offense" is defined in R.C. 2935.01(D) as to include "felonies, misdemeanors, and violations of ordinances of municipal corporations and other public bodies authorized by law to adopt penal regulations." The legislature used the word "offense" to include both felonies and misdemeanors and it did not exempt certain minor misdemeanors. Undoubtedly the generic meaning of the word "offense" controls. 25 Ohio Jurisprudence 3d (1981) 94, Criminal Law, Section 2 provides:

"* * * Both felonies and misdemeanors are covered by the term 'offense,' [citing *In re Brady* (1927), 116 Ohio St. 512] and the term has been defined to be 'the doing of that which a penal law forbids to be done, or omitting to do what it commands.' [Citing *In re Brady, supra,* and *State* v. *Ward* (1909), 8 Ohio N.P. (N.S.) 561.] * * *"

In *State* v. *Thomas* (1979), 64 Ohio App. 2d 141 [18 O.O.3d 106], the court interpreted "first offender" to include prior misdemeanor convictions, including traffic offenses. In *Chillicothe* v. *Herron* (1982), 3 Ohio App. 3d 468, the court held that to be eligible for an expungement the applicant must be a person without a speeding violation. These cases are consistent with the universal understanding of the word "offense" and the use of that word by the legislature.

The purpose of the expungement statute is to recognize that certain offenders may be rehabilitated and therefore should be entitled to have the record of their single criminal infraction sealed. Although the person with the requisite status is eligible to apply for an expungement, still the expungement may not be granted. Other conditions must be found to exist by the trial court. R.C. 2953.32(C).

In view of Petrou's subsequent conviction of disorderly conduct by intoxication, a minor misdemeanor, he did not qualify as a first offender within the

meaning of R.C. 2953.32. The application for expungement was properly denied. The judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and MAHONEY, J., concur.