[Cite as *State v. M.H.*, 2018-Ohio-582.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.    105589

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## M.H.

DEFENDANT-APPELLANT

## JUDGMENT:
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-05-463341-A

**BEFORE:**    Boyle, J., Stewart, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:**    February 15, 2018

**ATTORNEYS FOR APPELLANT**

Mark Stanton
Cuyahoga County Public Defender
BY:   Paul Kuzmins
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio    44113


**ATTORNEYS FOR APPELLEE**

Michael O'Malley
Cuyahoga County Prosecutor
BY:   Diane Smilanick
Assistant County Prosecutor
1200 Ontario Street, 9th Floor
Cleveland, Ohio    44113

MARY J. BOYLE, J.:

{¶1} Defendant-appellant, M.H., appeals from a judgment denying his application to seal his record of conviction. He raises one assignment of error for our review:

> The trial court erred when it denied appellant's application for an expungement without giving individualized consideration to appellant's circumstances and his stated interests.

{¶2} Finding merit to his appeal, we reverse the judgment of the trial court and remand for the trial court to seal M.H.'s convictions.

## I. Procedural History and Factual Background

{¶3} In May 2005, M.H. pleaded guilty to an amended indictment of theft in office in violation of R.C. 2921.41, a fourth-degree felony, and attempted tampering with records in violation of R.C. 2923.02 and 2913.42, a fourth-degree felony.

{¶4} According to the presentence investigation report ("PSI"), the charges arose when M.H. was working as a part-time police officer for Cuyahoga Community College. M.H. was the "officer on duty" responsible for collecting parking fees at the District Administration Building, also known as Gateway Special Events Parking. The police department for the college discovered that on at least three occasions in February 2005, M.H. turned in receipts for and logged less vehicles than were actually parked in the parking lot, amounting to $660 in losses to the college.

{¶5} The trial court sentenced M.H. to six months in prison for theft in office and three years of community control sanctions for attempted tampering with records to

commence once M.H. was released from prison. The trial court also advised M.H. that he would be subject to postrelease control for "the maximum time allowed * * * under R.C. 2967.28." As part of his sentence, M.H. also had to pay $660 in restitution, a $3,000 fine, and a supervision fee of $200.

{¶6} In October 2016, M.H. filed an application to seal his record of conviction. M.H. also requested that the court hold a hearing on his application. The court ordered an expungement investigation report from the Cuyahoga County Probation Department, and the state opposed his application.

{¶7} The court held a hearing on M.H.'s application on March 2, 2017, and denied it that same day, finding at the hearing:

> I think that it's in the public interest to know when people who take oaths to protect the public and to do right by the public fail in those oaths.
>
> I think the public has a right to know that, and I'm going to deny the expungement.
>
> I think it's in the best interests of the community to know when a police officer, a doctor, a lawyer, judge, whatever, fails in their oath.
>
> I think that's something that is important to the community. So I will deny your expungement.

{¶8} The trial court's judgment simply stated that M.H.'s application was denied. It is from this judgment that M.H. now appeals.

## II. Expungement Standard

{¶9} The standards for granting or denying a motion to seal a record of conviction are set forth in R.C. 2953.32(C)(1). Pursuant to this statute, the court must

(1) determine whether the applicant is a first offender, (2) determine whether criminal proceedings are pending against him or her, (3) determine whether the applicant has been rehabilitated to the court's satisfaction, (4) consider any objections of the prosecutor, and (5) weigh the interests of the applicant in having the records pertaining to his or her conviction sealed against the legitimate needs, if any, of the government to maintain those records. If the applicant fails to meet one of the requirements in R.C. 2953.32(C), the trial court must deny the motion for expungement. *State v. Krantz*, 8th Dist. Cuyahoga No. 82439, 2003-Ohio-4568, ¶ 23.

{¶10} The purpose of expungement, or sealing a record of conviction, is to recognize that people may be rehabilitated. *State v. Petrou*, 13 Ohio App.3d 456, 456, 469 N.E.2d 974 (9th Dist.1984). In enacting the expungement provisions, the legislature recognized that "'[p]eople make mistakes, but that afterwards they regret their conduct and are older, wiser, and sadder. The enactment and amendment of R.C. 2953.31 and 2953.32 is, in a way, a manifestation of the traditional Western civilization concepts of sin, punishment, atonement, and forgiveness.'" *State v. M.D.*, 8th Dist. Cuyahoga No. 92534, 2009-Ohio-5694, ¶ 8, quoting *State v. Boddie*, 170 Ohio App.3d 590, 2007-Ohio-626, 868 N.E.2d 699, ¶ 8 (8th Dist.).

{¶11} "'Expungement is an act of grace created by the state,' and so is a privilege, not a right." *State v. Simon*, 87 Ohio St.3d 531, 533, 721 N.E.2d 1041 (2001), quoting *State v. Hamilton*, 75 Ohio St.3d 636, 665 N.E.2d 669 (1996). Nonetheless, the Ohio Supreme Court has made clear that "[t]he expungement provisions are remedial in nature

and 'must be liberally construed to promote their purposes.'" *M.D.* at ¶ 9, quoting *State ex rel. Gains v. Rossi*, 86 Ohio St.3d 620, 716 N.E.2d 204 (1999). We review the trial court's decision under the abuse of discretion standard. *State v. Smith*, 8th Dist. Cuyahoga No. 91853, 2009-Ohio-2380, ¶ 5.

## III. Analysis

{¶12} With the expungement standard in mind, we turn to the facts of this case to determine whether the trial court abused its discretion in denying M.H.'s application to seal his record of convictions.

{¶13} The trial court denied M.H.'s application to seal his record of convictions for one reason, essentially because it agreed with the state that because of the nature of the offense — theft in office — the public had a right to know that M.H. was convicted of it.[1] For the reasons that follow, we agree with M.H. that the trial court abused its discretion in doing so.

{¶14} First, there is no question that M.H. is a first offender and did not have any criminal proceedings pending against him. Second, it is clear from the trial court's findings that it failed to weigh any of M.H.'s interests in sealing his convictions against the state's interest in maintaining them.

{¶15} The state's opposition brief to M.H.'s applications was scant. After setting forth the basic law on expungement, it only argued that "[t]he state strongly objects

---

[1] M.H. was also convicted of attempted tampering with records, but this offense rose out of the same set of facts, and thus, we will only refer to M.H.'s conviction for theft in office just as the parties do.

because of the nature of the crimes, that applicant was a police officer, who violated the public trust." Its position at the expungement hearing was the same. Thus, the state opposed M.H.'s application only because of the nature of the offense of theft in office. The trial court seems to have adopted the state's position outright.

{¶16} This court and others, however, have rejected this reasoning. *See M.D.*, 8th Dist. Cuyahoga No. 92534, 2009-Ohio-5694, at ¶ 22, quoting *State v. Haas*, 6th Dist. Lucas No. L-04-1315, 2005-Ohio-4350 (the nature of the offense "'cannot provide the sole basis to deny an application'"); *State v. Hilbert*, 145 Ohio App.3d 824, 827, 764 N.E.2d 1064 (8th Dist.2001) (this court reversed where state argued application should be denied solely because of the nature of the crime, aggravated arson for act of cross-burning); *State v. Bates*, 5th Dist. Ashland No. 03-COA-057, 2004-Ohio-2260 (reversed where gambling addiction was the sole basis for denying expungement of theft offense).

{¶17} At the hearing in this case, M.H. established that he has been rehabilitated. M.H. has not been convicted of any other offenses since he was released from prison. After his release from prison, M.H. worked as a meter reader, but he had to quit that job for health reasons and to take care of his family. M.H. then obtained full custody of his six children. At the time of the hearing, only one of his children, who was 17 years old, remained in his home. M.H. has also obtained full custody of his grandson, who was born premature and addicted to opiates.

{¶18} M.H. established that he is very committed to his community. He regularly

attends church and is very involved in church activities. M.H. transports disabled individuals to church as well as others who do not have transportation. M.H. told the court that he has made "some poor choices" in the past, but that he has changed. M.H. said that he would like a fresh start because of his grandson and because he was engaged to get married. These facts were undisputed.

{¶19} The trial court, however, denied M.H.'s application because he was convicted of theft in office. As we stated, the nature of the offense cannot be the sole reason to deny an application. Moreover, the General Assembly enacted R.C. 2953.36 to explicitly forbid trial courts from sealing the records of certain offenses, including first- and second-degree felonies, offenses of violence, and sex offenses. But notably, theft in office is not one of the exempt offenses. *See* R.C. 2953.36. Although the trial court pointed out that M.H. had been a police officer in a position of trust when he committed the offenses — which amounted to $660 in losses to the college, all of which M.H. paid back in restitution — that is simply the definition of theft in office. Thus, while we acknowledge that the public has an interest in knowing when a police officer violates his or her position of trust, the public's interest is not paramount to all other interests — otherwise the Ohio legislature would have exempted it from expungement.

{¶20} After review, we conclude that the trial court abused its discretion by failing to consider the fact that M.H. had established that he was rehabilitated. We further find that the trial court abused its discretion when it denied M.H.'s application simply based on the fact that he pleaded guilty to theft in office — an offense the legislature did not

include as one that should be exempt from expungement.

**{¶21}** Although we acknowledge that at the hearing, the trial court expressed dismay at M.H.'s characterization of what occurred, M.H. admitted that what he did was wrong.   He also paid his debt to society; he served his prison sentence, paid restitution to the victim, complied with the terms of his three years of community control sanctions, and paid a $3,000 fine.   He has also never been convicted of any other crime. Moreover, the trial court did not deny M.H.'s application due to his characterization of the events; it denied it based solely on the nature of the offense.

**{¶22}** Because the trial court gave no other reason to deny M.H.'s application to seal his record of convictions, we reverse the decision of the trial court and remand for the limited purpose of ordering M.H.'s record of conviction be sealed.

**{¶23}** Judgment reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

MARY J. BOYLE, JUDGE

MELODY J. STEWART, P.J., and
ANITA LASTER MAYS, J., CONCUR