[Cite as *State v. A.L.H.*, 2022-Ohio-4016.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 111721 |
| v. | : | |
| A.L.H., | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** November 10, 2022

Civil Appeal from the Cuyahoga County Common Pleas Court
Case No. CR-18-626978-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Kristen Hatcher, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Jonathan Sidney, Assistant Public Defender, *for appellant.*

EILEEN A. GALLAGHER, P.J.:

{¶ 1} Appellant, A.L.H., has appealed the trial court's denial of his motion for expungement raising two assignments of error:

I. The trial court abused its discretion when it denied A.H.'s motion for expungement without holding a hearing.
II. The trial court failed to articulate and create a record for this Court to engage in a meaningful appellate review.

{¶ 2} Appellant was charged by way of information with dereliction of duty in violation of R.C. 2921.44(C)(5). He entered a plea of guilty and was sentenced to serve six months of nonreporting community control with a three-day jail sanction and an order to have no contact with the victim. Further, appellant was awarded to pay court costs.

{¶ 3} Community control supervision was terminated, without incident, on October 13, 2018. Costs were paid in full.

{¶ 4} Appellant filed an Application for Sealing of the Record of Conviction pursuant to R.C. 2953.32(A)(1) on January 7, 2020 with a request for a hearing pursuant to R.C. 2953.32(A)(1) and the state, on March 27, 2020, filed its opposition to said application. The application was summarily denied on February 12, 2021.

{¶ 5} Appellant filed a second Application for Sealing of the Record of Conviction on April 5, 2022. The state filed a notice with the trial court on June 2, 2022 in which it indicated no opposition to the application.

{¶ 6} The trial court summarily denied appellant's motion on July 8, 2022 stating in its journal entry: the "Motion for Expungement of Criminal Record $50 Filed, Filed 04/05/2022, is denied."

{¶ 7} The state has now conceded the first assignment of error and acknowledges that not only is the appellant an eligible offender as defined in

R.C. 2953.31(A)(1) but that he was convicted of an eligible offense under R.C. 2953.36.

{¶ 8} Accordingly, we vacate the trial court's order denying appellant's application and remand to the trial court with instruction for the trial court to set a date for hearing pursuant to R.C. 2953.32(B).

{¶ 9} Our resolution of the first assignment of error renders the second assignment of error moot. *See* App.R.12(A)(1)(c).

{¶ 10} Judgment vacated and remanded.

It is ordered that appellant recover of appellee costs herein taxed.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
EMANUELLA D. GROVES, J., CONCUR