[Cite as *State v A.L.H.*, 2023-Ohio-4789.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,            :

                                           No. 112469

    v.                             :

A.L.H.,                                 :

    Defendant-Appellant.           :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 28, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-626978-A

---

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Owen Knapp, Assistant Prosecuting Attorney, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and Jonathan Sidney, Assistant Public Defender, *for appellant*.

FRANK DANIEL CELEBREZZE, III, P.J.:

{¶ 1} Appellant A.L.H. ("appellant") challenges the judgment of the trial court denying his application to seal his record of conviction. After a thorough review of the applicable law and facts, we affirm the judgment of the trial court.

## I. Factual and Procedural History

{¶ 2} Appellant was employed as a corrections officer with the Cuyahoga County Sheriff's Office. The facts of this case were not fully set forth at the combined plea and sentencing hearing; however, we can glean from the record that while appellant was on duty in December 2017, an inmate was injured by several gang members. Appellant failed to log the injury of the inmate into the facility logbook. The court noted at the plea hearing that the allegations against appellant could likely have yielded a tampering with evidence charge, which would have been a third-degree felony.

{¶ 3} The court further noted:

I know it's a difficult job, but with great power comes great responsibility. You had great power. As I understand it — maybe I'm wrong — but someone got whooped up on. It's your job to take care of those people, regardless of their lot in life, regardless [of] whether they deserved it or not. You know just as well as I do that the folks who wear guns and badges and go to work, I'm sure maybe not daily, but maybe weekly they come across people who you think in your own personal opinion deserve to have the crap beat out of them, and you may not be wrong, but your job says you can't do that.

Plea and sentencing hearing transcript at tr. 15.

{¶ 4} Appellant acknowledged that an inmate was injured but maintained that he asked the inmate if he wanted medical treatment. The court then reminded

appellant that he covered up the incident and that he had a greater responsibility as a public servant to not let something like that happen. Tr. 16-17.

{¶ 5} Appellant was charged with dereliction of duty, a misdemeanor of the second degree, in violation of R.C. 2921.44(C)(5). He pled guilty to the indictment and was sentenced to six months of community control, along with a three-day jail sanction, and ordered to pay court costs.

{¶ 6} Appellant's community control supervision terminated without incident, and he paid his court costs. After the statutory time period of one year had elapsed since his final discharge, appellant filed an application for sealing of the record of conviction pursuant to R.C. 2953.32 and requested a hearing. The state filed its opposition, and the application was summarily denied by the trial court.

{¶ 7} Appellant filed a second application for sealing of the record of conviction. The state filed a notice with the trial court in which it indicated that it had no opposition to the application. The trial court again summarily denied appellant's application.

{¶ 8} Appellant appealed the denial of his application to this court in *State v. A.L.H.*, 8th Dist. Cuyahoga No. 111721, 2022-Ohio-4016. The state conceded that the trial court had erred by failing to hold a hearing on appellant's application and acknowledged that appellant was an eligible offender. Accordingly, we vacated the trial court's order denying appellant's application and remanded the matter to the trial court with instructions to set a hearing date pursuant to R.C. 2953.32(B).

{¶ 9} On remand, a hearing was scheduled, but was continued after the state notified the court that it would be opposing appellant's application. The state filed its brief in opposition, arguing that public interest compelled the denial of the sealing of the conviction record.

{¶ 10} The court held a hearing on the application, at which appellant's counsel and counsel for the state only presented arguments; no evidence was offered at the hearing. Following the hearing, the court entered an order denying the application without explanation.

{¶ 11} Appellant appealed the denial, and prior to the matter being heard by this court, appellant moved to remand the case to the trial court for the sole purpose of requiring the trial court to set forth its findings in support of the denial of his application.

{¶ 12} The trial court then held a hearing, noting the limited remand, and made the following findings:

> I do find that at that time [A.L.H.] was in a position of public trust and that the underlying matter resulted in an abuse of that power of public trust which is the basis for his conviction. And so again in utilizing my judicial discretion I do find that the legitimate interests of the government to maintain those records outweigh the application. So once again I will deny the application.

{¶ 13} Appellant then filed the instant appeal, raising two assignments of error for our review:

> 1.     The trial court abused its discretion when it denied A.L.H.'s application on the basis that the underlying offense was an abuse of power of public trust.

2. The trial court abused its discretion when it denied appellant's application without first determining whether he had been rehabilitated to the satisfaction of the court.

## II. Law and Analysis

{¶ 14} For ease of analysis, we will address the assignments of error out of order.

{¶ 15} Appellant's second assignment of error argues that the trial court abused its discretion when it denied appellant's application without first determining whether he had been rehabilitated to the satisfaction of the court.

{¶ 16} In reviewing the denial of a petition to seal a record under R.C. 2953.32,[1] we apply an abuse-of-discretion standard. *Bedford v. Bradberry*, 8th Dist. Cuyahoga No. 100285, 2014-Ohio-2058, ¶ 5, citing *State v. Hilbert*, 145 Ohio App.3d 824, 827, 764 N.E.2d 1064 (8th Dist.2001).

{¶ 17} Only an "eligible offender" may apply to have his or her record of conviction sealed. R.C. 2953.32(A)(1). Hence, the court to which the application is made "shall" first "[d]etermine whether the applicant is an eligible offender * * * ." R.C. 2953.32(C)(1)(a). "If the court finds the applicant is an eligible offender, it must then employ its discretion in weighing a number of substantive considerations in

---

[1]Although this statute was amended in 2023, appellant filed his application on April 5, 2022. We therefore apply the prior version of the statute because the statutory law in effect at the time the application was filed is controlling. *State v. Lasalle*, 96 Ohio St.3d 178, 2002-Ohio-4009, 772 N.E.2d 1172, paragraph two of the syllabus.

favor or against the sealing of the applicant's record." *State v. T.D.*, 8th Dist. Cuyahoga No. 111307, 2022-Ohio-3741, ¶ 7, citing R.C. 2953.32(C).

{¶ 18} There is no dispute in this matter that appellant is an eligible offender. Thus, under former R.C. 21953.32(C),[2] the court was then required to (1) determine whether criminal proceedings were pending against the applicant; (2) determine whether the applicant had been rehabilitated to the satisfaction of the court; (3) consider the reasons presented by the prosecutor against granting the application; and (4) weigh the interests of the applicant in having the records pertaining to the applicant's conviction sealed against the legitimate needs, if any, of the government to maintain those records.

{¶ 19} The court outlined the above requirements at the hearing on remand and stated that it did not believe that there were any criminal proceedings pending against appellant and that the legitimate interests of the government in maintaining the record of conviction outweighed appellant's application. The court did not make any determination as to whether appellant had been rehabilitated to the court's satisfaction.

{¶ 20} It is the applicant's burden to demonstrate legitimate reasons, as opposed to a general privacy interest, why the records should not remain open to the public. *State v. J.D.*, 2013-Ohio-4706, 1 N.E.3d 434, ¶ 8 (8th Dist.), citing *State v. Haney*, 70 Ohio App.3d 135, 590 N.E.2d 445 (10th Dist.1991). Appellant's burden

---

[2] Renumbered as R.C. 2953.32(D)(1), effective April 4, 2023.

is met by presenting evidence or testimony supporting the application. The trial court must have evidence or testimony upon which to base its decision to seal the record. *State v. N.C.*, 9th Dist. Summit No. 29775, 2022-Ohio-781, ¶ 11, citing *State v. A.V.*, 9th Dist. Lorain No. 18CA011315, 2019-Ohio-1037, at ¶ 9. "Once this burden is met and those needs outweigh the legitimate interests of the state in maintaining the records, the application should be freely granted." *Id.*, citing *State v. Garry*, 173 Ohio App.3d 168, 2007-Ohio-4878, 877 N.E.2d 755 (1st Dist.).

{¶ 21} The Supreme Court of Ohio has held that sealing proceedings are non-adversarial. *State v. Hamilton*, 75 Ohio St.3d 636, 640, 665 N.E.2d 669 (1996). As such, the Rules of Evidence do not apply. *State v. M.R.*, 8th Dist. Cuyahoga No. 94591, 2010-Ohio-6025, ¶ 14, citing *State v. Simon*, 87 Ohio St.3d 531, 533, 721 N.E.2d 1041 (2000).

{¶ 22} However, while the Rules of Evidence do not apply, "the trial court nonetheless must have evidence or testimony upon which to base its sealing decision." *State v. A.V.*, 9th Dist. Lorain No. 18CA011315, 2019-Ohio-1037, ¶ 9, citing *See In re Thomasson*, 10th Dist. Franklin No. 79AP-761, 1980 Ohio App. LEXIS 12289, 1980 WL 353245, 3 (Jan. 29, 1980).

{¶ 23} While appellant argues in his assignment of error that the trial court failed to determine whether he was rehabilitated, a review of the record reveals that appellant did not present any evidence at the hearing upon which the court could have made such a determination. He did not present an affidavit or any evidence along with his application nor did he testify at the hearing. Rather, at the hearing

on the application, appellant's counsel simply outlined his arguments in support of sealing the record and responded to assertions raised in the state's opposition brief.

{¶ 24} "Evidence of rehabilitation normally consists of an admission of guilt and a promise to never commit a similar offense in the future, or good character or citizenship in the community since the conviction." *State v. Evans*, 10th Dist. Franklin No. 13AP-158, 2013-Ohio-3891, ¶ 11, citing *State v. Brooks*, 2d Dist. Montgomery No. 25033, 2012-Ohio-3278, ¶ 21; *State v. Schuster*, 12th Dist. Clermont No. CA2012-06-042, 2013-Ohio-452, ¶ 22. Appellant did not acknowledge his guilt at the hearing on his application nor did he promise that such an offense would never happen again. In addition, appellant did not present evidence of his good character or citizenship in the community.

{¶ 25} Although appellant's counsel presented compelling reasons for granting the application, appellant presented no evidence or testimony in the proceedings before the trial court. It has long been held that statements of counsel do not constitute evidence. *Hersh v. Cuyahoga Cty. Bd. of Revision*, 8th Dist. Cuyahoga No. 109035, 2020-Ohio-3596, ¶ 15. *See also State v. Shaffer*, 11th Dist. Geauga No. 2009-G-2929, 2010-Ohio-6565 (noting that counsel argued in favor of the application but that no actual evidence was presented); *State v. A.V.*, 9th Dist. Lorain No. 18CA011315, 2019-Ohio-1037, ¶ 11 ("We recognize that A.V.'s trial counsel referenced points that would have been relevant to A.V.'s rehabilitation. However, counsel's statements are not evidence.").

{¶ 26} Accordingly, appellant did not satisfy his evidentiary burden to establish that he was rehabilitated, and the trial court did not abuse its discretion in denying his application. *See State v. Evans*, 10th Dist. Franklin No. 13AP-158, 2013-Ohio-3891 (trial court abused its discretion in granting appellee's application to seal the record of her conviction where the record did not include any evidence concerning appellee's rehabilitation). Appellant's second assignment of error is overruled.

{¶ 27} In his first assignment of error, appellant argues that the trial court erred in denying his application to seal on the basis that the underlying offense was an abuse of power in a position of public trust. Appellant asserts that the trial court's decision to deny his application was arbitrary and unreasonable because it was based upon its "unsupported finding" that his conviction constituted an abuse of power of public trust. He contends that he was convicted of dereliction of duty, which demonstrates negligence, but not an abuse of power.

{¶ 28} The state opposed appellant's applications to seal, asserting that the conduct underlying his conviction was egregious because appellant was in a position of power and public trust as a corrections officer and used that power to curry favor to violent gang members. The state argued that there was a substantial public interest in maintaining the records of appellant's conviction. In its brief in opposition, the state presented the "facts and circumstances" of the offense and argued that these facts demonstrated that appellant betrayed the trust placed in him by the community. As such, the state argued that its interest in maintaining the

record was to ensure that appellant would never again be placed in such a position of public trust.

{¶ 29} The trial court agreed with the state and held that appellant was "in a position of public trust and that the underlying matter resulted in an abuse of that power of public trust." As a result, the trial court determined that the legitimate interests of the government in maintaining the records of appellant's convictions outweighed appellant's interest in sealing his conviction.

{¶ 30} This court has held that the denial of an application to seal records cannot be based solely upon the nature of the offense. *State v. M.H.*, 8th Dist. Cuyahoga No. 105589, 2018-Ohio-582, ¶ 16. "The legislature has already made that determination in setting forth which offenses are eligible to be sealed and which are not." *State v. G.H.*, 1st Dist. Hamilton Nos. C-230013 and C-230014, 2023-Ohio-3269, ¶ 22, citing *M.H.* at ¶ 19 (acknowledging that if public interest in knowing who had committed certain offenses was "paramount" to all other interests, the legislature would have exempted those offenses from sealing).

{¶ 31} *M.H.* is similar to the instant matter. In *M.H.,* the defendant was a part-time police officer at a community college and withheld parking fees that he collected. He was convicted of theft in office and attempted tampering with records. M.H. later moved to seal his conviction, which was denied by the trial court. The denial was based upon the court agreeing with the state's argument that M.H. was a police officer who had violated the public trust and the public had a right to know of his convictions.

{¶ 32} On appeal, this court reversed the trial court's denial of the application to seal, finding that the trial court had based its denial solely on the nature of the offense.

{¶ 33} In *State v. T.C.N.*, 8th Dist. Cuyahoga No. 112428, 2023-Ohio-3156, the defendant was a police officer who was convicted of three counts of theft from Walmart. T.C.N. moved to seal her convictions, which the state opposed. The trial court denied the application. On appeal, T.C.N. argued that the denial of her application was not supported by the record. The state asserted that it needed to "'protect the public from future duplicitous actions from an offender who has borne the highest level of public trust, enforcing the laws, and violated that trust.'" *T.C.N.* at ¶ 13, quoting the state's brief in *T.C.N.* at 7. The state maintained that it had a "legitimate interest in 'preserving public access to information that will allow the members of our community to choose for themselves, eyes wide open, about whether they want to associate with appellant.'" *Id.* at *id.*

{¶ 34} This court reversed the judgment of the trial court, noting that the state had made a similar argument regarding public trust that had been overruled in *M.H.,* and finding that T.C.N.'s interest in having her record sealed outweighed the state's interest in maintaining her record of conviction.

{¶ 35} Despite our decisions in *M.H.* and *T.C.N.*, in the instant matter, the state has once again made the argument that a defendant who abused a position of trust should not have his or her record sealed.

{¶ 36} Appellant was convicted of dereliction of duty, a misdemeanor of the second degree, in violation of R.C. 2921.44(C)(5). The state acknowledges that his conviction does not fall within any of the exceptions to sealing as set forth in R.C. 2953.36. The indictment states that appellant "unlawfully did while being an officer having charge of a detention facility negligently fail to observe any lawful and reasonable regulation for the management of the detention facility." It is not entirely clear from the transcript of the plea and sentencing hearing precisely what the facts underlying the charge were,[3] but from statements by the court and defense counsel, it appears that the conduct for which appellant was indicted, and to which he pled guilty, was failing to log an inmate's injury in the facility logbook.

{¶ 37} As stated by the court in *M.H.,* "while we acknowledge that the public has an interest in knowing when a police officer violates his or her position of trust, the public's interest is not paramount to all other interests — otherwise the Ohio legislature would have exempted [such crimes] from expungement." *M.H.* at ¶ 19.

{¶ 38} While *M.H.* and *T.C.N.* could have been controlling here, there is one large difference that requires us to uphold the decision of the trial court. In both *M.H.* and *T.C.N.*, this court was able to determine that the defendants had met their burdens at their respective hearings demonstrating that the applications should have been granted. Both hearings appeared to involve uncontested testimony regarding each defendant's rehabilitation and their interest in sealing the

---

[3] The facts recited in the state's opposition to appellant's application and in its appellate brief expand far beyond the facts that were presented at the plea and sentencing proceedings.

application. As outlined in our analysis of the previous assignment of error, we cannot say the same here.

{¶ 39} Thus, while we find that the trial court should not have based its denial of the application solely on the nature of the offense, we come to the same conclusion as with our resolution of the second assignment of error. Based upon the lack of evidence in the record, there is nothing to support a finding that the trial court improperly denied the application. *See State v. Shaffer*, 11th Dist. Geauga No. 2009-G-2929, 2010-Ohio-6565 (applicant has the burden to present evidence demonstrating his privacy interest is equal to or outweighs the government's need to maintain the record of his conviction). Appellant's first assignment of error is overruled.

### III. Conclusion

{¶ 40} Appellant failed to submit evidence to support his application to seal records, and the trial court properly denied it. Both of appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK DANIEL CELEBREZZE, III, PRESIDING JUDGE

MICHELLE J. SHEEHAN, J., and
EILEEN T. GALLAGHER, J., CONCUR