[Cite as *State v. S.D.F.*, 2025-Ohio-1832.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,           :

                                   No. 114378

    v.                            :

S.D.F.,                                 :

    Defendant-Appellant.          :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 22, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-03-440974-ZA

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, Anthony T. Miranda and Gregory J. Ochocki, Assistant Prosecuting Attorneys, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Michael V. Wilhelm, Assistant Public Defender, *for appellant.*

WILLIAM A. KLATT, J.:

{¶ 1} Defendant-appellant S.D.F. appeals the trial court's denial of his application to seal his record of conviction pursuant to R.C. 2953.32. For the

following reasons, we affirm the lower court's findings.

**Factual and Procedural History**

{¶ 2} On December 10, 2003, S.D.F. pleaded guilty to two counts of pandering sexually oriented matter involving a minor in violation of R.C. 2907.322, felonies of the fourth degree. The State nolled all other counts.

{¶ 3} On January 20, 2004, the trial court sentenced S.D.F. to four years of community control under the direction of the probation department and subject to several conditions and imposed a $5,000 fine. Pursuant to his guilty pleas to a sexually oriented offense — as defined in R.C. 2950.01 — S.D.F. was classified as a sexually oriented offender, and the court ordered him to register as such for ten years.

{¶ 4} S.D.F.'s community-control supervision was terminated on January 20, 2008. The expungement investigation report obtained by the trial court indicates the imposed fine was suspended in 2005. S.D.F.'s sexually oriented offender registration obligations terminated on January 20, 2014.

{¶ 5} On June 28, 2023, S.D.F. filed an application for sealing his record of conviction pursuant to R.C. 2953.32. S.D.F. argued he was entitled to have his criminal record sealed because (1) he was an eligible offender as defined under the statute and (2) he filed his application within the statutorily prescribed timeframe. The application stated S.D.F. lives with his son and his son's family and S.D.F. wants to contribute monetarily to the household to help support the family's move to a larger home. To do so, S.D.F. stated he must obtain employment, and he indicated

new employment is difficult to secure with a criminal history of sexually oriented felony offenses. The State's brief in opposition challenged that the State had legitimate reasons to maintain the records of the underlying conviction. Specifically, the State argued potential employers or volunteer organizations that interact with children should have access to S.D.F.'s criminal record and members of the public should know whether their neighbor committed a sexually oriented offense involving minor children. The State also argued access to S.D.F.'s criminal conviction was necessary to enforce R.C. 2950.034, which prohibits a person convicted of a sexually oriented offense from living within 1,000 feet of a school zone.

{¶ 6} The trial court conducted a hearing on S.D.F.'s motion to seal on August 14, 2024.[1] S.D.F. did not testify at the hearing; the attorneys for S.D.F. and the State spoke and reiterated their positions that were detailed in their motions and briefs. The State conceded that S.D.F. was an eligible offender under the statute. However, the State argued its interest in protecting minor children and, therefore, not having S.D.F.'s criminal record sealed outweighed S.D.F.'s interests in obtaining employment and contributing to his household finances. S.D.F.'s counsel argued that his client sought to seal his record of conviction, not to expunge it, allowing the

---

[1] A hearing on S.D.F.'s motion was originally scheduled on June 17, 2024. At that hearing, the trial judge recused himself from the case, and the case was reassigned to another trial judge.

government to have access to the record as needed.[2]  S.D.F.'s counsel also argued that Ohio legislature knew when it enacted R.C. 2953.32 and classified pandering sexually oriented matter involving a minor — a sexually oriented offense — as an eligible offense that sealing or expunging a sexually oriented offense may run counter to R.C. 2950.34, which prohibits such an offender from living within 1,000 feet of a school zone.

{¶ 7}   On the same date as the hearing, the trial court issued a journal entry that summarily denied S.D.F.'s motion to seal his record of conviction.

{¶ 8}   On September 16, 2024, S.D.F. filed a timely notice of appeal presenting one assignment of error:

> The trial court abused its discretion in denying the appellant his application to seal his record.

**Legal Analysis**

{¶ 9}   On appeal, S.D.F. argues that the State has not demonstrated a legitimate need to maintain his criminal conviction that outweighs S.D.F.'s interests in having his privacy rights partially restored.  S.D.F. also argues that if additional fact-finding is required, a remand is appropriate so that the trial court can provide the reason it denied his motion to seal the conviction.

---

[2] "Expungement occurs when a conviction is completely erased from one's record. Sealing is when the records of a conviction are filed in a 'separate, secured location' and 'cannot be seen by most people.'" *State v. D.D.G.*, 2019-Ohio-4982, ¶ 5 (8th Dist.), quoting The Ohio Justice & Policy Center's Criminal Records Manual, Understanding and Clearing Up Ohio Criminal Records, and Overcoming the Barriers They Create, http://ohiojpc.org/wp-content/uploads/2015/07/OJPCs-Criminal-Record-Manual.pdf (accessed Sept. 18, 2019).

{¶ 10} The State concedes S.D.F. was an eligible offender under R.C. 2953.32, but contends S.D.F.'s interest in having his records sealed is not outweighed by these legitimate government interests: (1) the State's interest in enforcing statutory residence prohibitions that forbid a sexually oriented offender like S.D.F. from living near a school and (2) the State's interest in preventing S.D.F. from being employed by or involved with an organization that would permit interactions between S.D.F. and children. The State also asserts that a trial court may reasonably consider the nature of the underlying offense as a legitimate reason to maintain the record of conviction of a felony sex offender and, accordingly, the trial court reasonably denied S.D.F.'s application to seal his criminal conviction. The State further argues S.D.F. failed to satisfy the burdens imposed under R.C. 2953.32 when he did not show through evidence or testimony — rather than statements by his attorney — why his record should be sealed.

{¶ 11} An appellate court generally reviews the denial of an application to seal records for an abuse of discretion. *Bedford v. Bradberry*, 2014-Ohio-2058, ¶ 5 (8th Dist.). A court abuses its discretion when it exercises its judgment in an unwarranted way with respect to a matter over which it has discretionary authority. *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35. The term abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217 (1983); *Johnson*.

{¶ 12} R.C. 2953.32 permits courts to seal records following a conviction except as set forth under R.C. 2953.32(A)(1) and 2953.61. R.C. 2953.32 is a

"remedial statute," and the purpose of sealing a record of conviction is to recognize that people may be rehabilitated. *State v. A.S.*, 2022-Ohio-3833, ¶ 7 (1st Dist.), citing *State v. R.S.*, 2022-Ohio-1108, ¶ 10 (1st Dist.), and *State v. Petrou*, 13 Ohio App.3d 456 (9th Dist. 1984). "Moreover, this purpose is somewhat akin to the concept of sin, punishment, atonement, and forgiveness that is manifested in traditional western civilization." *State v. T.C.N.*, 2023-Ohio-3156, ¶ 11 (8th Dist.), citing *State v. M.H.*, 2018-Ohio-582, ¶ 10 (8th Dist.).

{¶ 13} According to R.C. 2953.32(C), upon the offender's filing of an application to seal his record, the trial court shall hold a hearing. *State v. W.A.R.*, 2024-Ohio-256, ¶ 18 (8th Dist.). The statute further delineates the determinations and considerations the court must pursue at the time of the hearing:

> (D)(1) At the hearing held under division (C) of this section, the court shall do each of the following:
>
> (a) Determine whether the applicant is pursuing sealing or expunging a conviction of an offense that is prohibited under division (A) of this section or whether the forfeiture of bail was agreed to by the applicant and the prosecutor in the case, and determine whether the application was made at the time specified in division (B)(1)(a) or (b) or division (B)(2)(a) or (b) of this section that is applicable with respect to the application and the subject offense;
>
> (b) Determine whether criminal proceedings are pending against the applicant;
>
> (c) Determine whether the applicant has been rehabilitated to the satisfaction of the court;
>
> (d) If the prosecutor has filed an objection in accordance with division (C) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;

(e) If the victim objected, pursuant to the Ohio Constitution, consider the reasons against granting the application specified by the victim in the objection;

(f) Weigh the interests of the applicant in having the records pertaining to the applicant's conviction or bail forfeiture sealed or expunged against the legitimate needs, if any, of the government to maintain those records;

(g) Consider the oral or written statement of any victim, victim's representative, and victim's attorney, if applicable;

(h) If the applicant was an eligible offender of the type described in division (A)(3) of section 2953.36 of the Revised Code as it existed prior to the effective date of this amendment, determine whether the offender has been rehabilitated to a satisfactory degree. In making the determination, the court may consider all of the following:

(i) The age of the offender;

(ii) The facts and circumstances of the offense;

(iii) The cessation or continuation of criminal behavior;

(iv) The education and employment of the offender;

(v) Any other circumstances that may relate to the offender's rehabilitation.

R.C. 2953.32(D)(1)(a)-(h).

{¶ 14} In other words,

R.C. 2953.32(C)(1) provides for an applicant to have his record of conviction sealed if the trial court finds him to be an eligible offender; there are no pending criminal proceedings; he has been rehabilitated to the satisfaction of the court; his interests in having his record sealed are not outweighed by any legitimate governmental need to maintain the record of conviction; and the trial court considers the government's reasons for opposing the application.  R.C. 2953.32(C)(1)(a)-(e).

*State v. A.V.*, 2019-Ohio-1037, ¶ 7 (9th Dist.).

{¶ 15} The Ohio Supreme Court has explained that expungement and sealing proceedings are not adversarial in nature. *State v. Hamilton*, 75 Ohio St.3d 636, 640 (1996); *State v. Simon*, 2000-Ohio-474, ¶ 7. The primary purpose of the expungement or sealing hearing is to gather information in order to provide the trial court with all relevant information regarding the applicant's compliance with the statutory requirements. *A.V.* at ¶ 8, *Hamilton*, and *Simon*. Because the proceedings are not adversarial, the rules of evidence do not apply. *See* Evid.R. 101(C)(7); *Simon*. The trial court obtains information from the applicant as well as the prosecutor and probation department. *Hamilton* at 640; R.C. 2953.32(C).

{¶ 16} Even though the rules of evidence do not apply at the hearing, the applicant has the burden of establishing his rehabilitation and that his privacy interests are equal to or greater than the government's interest to maintain the record of conviction. *A.V.* at ¶ 9, citing *State v. Shaffer*, 2010-Ohio-6565, ¶ 30, 32 (11th Dist.). Such a burden is typically met through the presentation of evidence or testimony in support of the application to seal a conviction. *Id.* at ¶ 30. A mere recitation that the applicant complied with the statutory requirements is insufficient to meet the burden. *Id.* at ¶ 24. Additionally, counsel's oral arguments at the sealing hearing do not constitute evidence. *State v. A.L.H.*, 2023-Ohio-4789, ¶ 25 (8th Dist.), citing *Hersh v. Cuyahoga Cty. Bd. of Revision*, 2020-Ohio-3596, ¶ 15 (8th Dist.); *see also Shaffer* at ¶ 21. Absent evidence or testimony from the applicant, an applicant does not satisfy his burden and the trial court does not abuse its discretion in denying the motion to seal a conviction. *A.L.H.* at ¶ 26; *State v. Evans*, 2013-

Ohio-3891 (10th Dist.) (trial court abused its discretion when it granted an offender's application to seal her record of conviction because the record did not include any evidence concerning the offender's rehabilitation).

{¶ 17} Additionally, the trial court cannot summarily deny a motion to seal convictions but must place its findings on the record to show compliance with R.C. 2953.32. *State v. B.H.*, 2018-Ohio-2649, ¶ 16 (8th Dist.) (Absent findings on the record to show compliance with R.C. 2953.32, the appellate court reversed the summary denial of an application for expungement and remanded for trial court to issue findings in accordance with the statute.); *see also Beachwood v. D.Z.*, 2010-Ohio-3320 (8th Dist.) (summary denial of appellant's motion reversed; remanded for court to state its findings and reasons for its ruling on the record); *State v. M.D.* 2009-Ohio-5694 (8th Dist.) (Where no findings stated orally at hearing or in written journal entry, summary denial of application for expungement reversed for court to issue findings in accordance with R.C. 2953.32.).

{¶ 18} In reviewing S.D.F.'s June 28, 2023 application to seal his record and convictions pursuant to R.C. 2953.32, we reference the April 6, 2023 version of the statute that was in effect at the time S.D.F. filed his motion on June 28, 2023.[3] *See State v. W.C.*, 2022-Ohio-3235, ¶ 13 (8th Dist.), citing *State v. G.K.*, 2022-Ohio-2858, ¶ 4, fn. 1.

---

[3] R.C. 2953.32 has undergone several amendments since S.D.F. filed his application on June 28, 2023. "The statutory law in effect at the time of the filing of an R.C. 2953.32 application to seal a record of conviction is controlling." *State v. LaSalle*, 2002-Ohio-4009, paragraph two of the syllabus.

{¶ 19} The instant matter is comparable to *State v. A.L.H.*, 2023-Ohio-4789 (8th Dist.), where the trial court initially held a hearing on defendant A.L.H.'s application to seal his record of conviction. At the hearing, the parties' attorneys presented arguments but defendant A.L.H. did not testify or introduce any evidence. The trial court summarily denied the application; an appeal was filed; and prior to the matter being heard by the appellate court, the case was remanded for the sole purpose of the trial court to set forth its findings in support of its denial of A.L.H.'s application. The trial court's findings were silent on rehabilitation but stated A.L.H. "was in a position of public trust" and "the underlying matter resulted in an abuse of that power of public trust which is the basis for his conviction." *Id.* at ¶ 12.

{¶ 20} On his second appeal, A.L.H. argued the trial court abused its discretion when it denied his application without first determining whether he was rehabilitated to the satisfaction of the court as required under R.C. 2953.32(C). A review of the record by this court demonstrated that only counsel spoke at the hearing and A.L.H. had not presented any evidence or testimony upon which the trial court could have assessed his rehabilitation. The *A.L.H.* Court stated that "[a]lthough [A.L.H.'s] counsel presented compelling reasons for granting the application, [A.L.H.] presented no evidence or testimony in the proceedings before the trial court" and "[a]ccordingly, A.L.H. did not satisfy his evidentiary burden to establish that he was rehabilitated, and the trial court did not abuse its discretion in denying his application." *Id.* at ¶ 25 and 26. Thus, even though the trial court's judgment entry did not address rehabilitation — and arguably the case could have

been remanded on that issue — this court found the absence of evidence or testimony on the issue supported its affirmance of the denial of the motion to seal the record.

{¶ 21} Here, the trial court denied S.D.F.'s application to seal his convictions without providing any basis for its decision. We would generally reverse the summary denial of S.D.F.'s application and remand the case to the trial court to issue findings in accordance with R.C. 2953.32. However, S.D.F. did not testify during the hearing or present evidence to demonstrate (1) his compliance with R.C. 2953.32(D)(1), (2) his legitimate reasons as to why his records should not remain open to the public, and (3) S.D.F.'s rehabilitation.[4] Just as in *A.L.H.*, the trial court was presented with the attorneys' arguments but no evidence or testimony by S.D.F. that satisfied his evidentiary burden demonstrating his rehabilitation and legitimate reasons why his convictions should have been sealed.[5] Thus, we overrule S.D.F.'s assignment of error and find the trial court did not abuse its discretion when it denied S.D.F.'s motion to seal his convictions because S.D.F. failed to introduce testimony or evidence in support of his application.

{¶ 22} For the foregoing reasons, we overrule S.D.F.'s assignment of error.

---

[4] S.D.F. argues the State conceded that S.D.F. was rehabilitated, but we do not need to address the merits of this argument because S.D.F. also failed to present evidence or testimony to demonstrate legitimate reasons why his conviction should be sealed.

[5] While R.C. 2953.32 does not specify what evidence would satisfy S.D.F.'s evidentiary burden, it would have required little effort by the offender to introduce evidence such as his own testimony, an affidavit, or letters of recommendation in support of his motion.

**{¶ 23}** Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
WILLIAM A. KLATT, JUDGE*

SEAN C. GALLAGHER, P.J., and
DEENA R. CALABRESE, J., CONCUR

(*Sitting by assignment:  William A. Klatt, J., retired, of the Tenth District Court of Appeals.)