[Cite as *State v. J.D.B.*, 2025-Ohio-5415.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 115065 |
| J.D.B., | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 4, 2025

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-655969-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Anthony T. Miranda, Assistant Prosecuting
Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and
Robert McCaleb, Assistant Public Defender, *for appellant.*

WILLIAM A. KLATT, J.:

{¶ 1} Defendant-appellant J.D.B. appeals from the trial court's denial of his

motion to seal his criminal record. For the reasons that follow, we affirm.

**Factual and Procedural History**

{¶ 2} This appeal stems from a February 5, 2021 indictment for identity fraud, telecommunications fraud, practicing medicine without a license, and forgery. On September 2, 2021, the case was resolved by a negotiated plea deal, pursuant to which J.D.B. pled guilty to one amended count of attempted telecommunications fraud, one amended count of attempted identity fraud, and one count of practice of medicine without a license. The remaining charges were dismissed. Because the case was resolved by a plea agreement, the facts of the case were not fully set forth below, and we are limited to the discussion of the offenses contained within the record.

{¶ 3} The trial court sentenced J.D.B. to one and one-half years of community-control sanctions. J.D.B.'s community-control supervision was terminated in 2023.

{¶ 4} On May 22, 2024, J.D.B. filed an application to have his criminal record sealed pursuant to R.C. 2953.32(B) and requested a hearing on the application. In his application, J.D.B. stated that he had successfully completed his sentence, he was eligible to have his criminal record sealed, he had no pending criminal proceedings, and his interest in sealing the record outweighs any interest the State has in maintaining the record. J.D.B. did not make any additional statements or argument as to his interest in sealing the record.

{¶ 5} On May 23, 2024, the court ordered an expungement investigation report ("EIR").

**{¶ 6}** On July 22, 2024, the State filed a brief in opposition to J.D.B.'s application to seal his criminal record based on an active warrant for J.D.B.'s arrest in Wickliffe Municipal Court. On February 24, 2025, the State withdrew its opposition because the Wickliffe matter had been resolved.

**{¶ 7}** On March 31, 2025, the court held a hearing on J.D.B.'s motion to seal his criminal record. J.D.B.'s counsel addressed the court, stating:

> So the victim in this case is [J.D.B.'s] ex-wife. I think — so there's a couple of things they are noting. First of all, [J.D.B.'s] co-defendant in this case is — he's now divorced from that woman as well. His co-defendant did receive a sealing of her conviction. I think [J.D.B.] has put — he admits and he would be happy to tell the Court if the Court were to ask, that this was a stupid mistake, but it was a one time mistake and essentially a highly individualized or personal occurrence that is not going to happen again.

> He's been working a steady job. He actually works at ADT, so he does home security. Not only is he plugged into various people's home security apparatuses, but is also handling their private credit card information, and things like that, and hasn't had any problems with that. Hasn't done anything unseemly or certainly not illegal, which I think indicates this, again, is not the sort of conduct [J.D.B.] engages in routinely, but rather was part of one unfortunate and stupid victimization of this particular victim, but there's no realistic possibility of recidivism in this case.

> Again, as I noted, he's, in fact, remarried and subsequently been divorced from that woman who is the co-defendant. I think there's a lot of separation here from this individual circumstance.

> I don't think it's going to repeat itself and I think he just wants to at this point put this mistake behind him, so I would urge the Court — and certainly he's happy to answer any questions from the Court, but I would urge the Court to grant the application.

J.D.B. did not address the court himself.

**{¶ 8}** At the hearing, the State indicated to the court that it had withdrawn its opposition to the application and would defer to the court. The State described the majority of the offenses as follows:

> [J.D.B.] uses his ex-wife's information to open a credit card, run up some debt on the credit card, and then also to apply for a vehicle loan.

**{¶ 9}** The victim in this case, J.D.B.'s ex-wife R.B., appeared at the hearing and opposed the motion to seal. R.B. addressed the court, stating, in relevant part:

> I oppose the sealing because I'm still a practicing physician, and he pretended he was me. He did research projects using my name, which nullified those research projects, and I'm still practicing, and I don't need to be watching over this every single time. He knows my Social Security number. He knows my birthday. He has access to everything about me logistically since we were married for so long.
>
> Opening credit cards is not a first thing for him. He just got caught again.
>
> At this point, since I'm still practicing, I'm still using my name, my DEA, my Social Security number, and my birthday. I know he will do it again if he has a chance because he's done it before.

**{¶ 10}** On April 1, 2025, the court denied J.D.B.'s motion to seal. J.D.B. filed a timely notice of appeal and now presents two assignments of error for our review:

> I. The trial court abused its discretion when it denied J.B.'s motion for expungement because that decision failed to properly weigh the competing interests involved and is not supported by the record.
>
> II. The trial court failed to articulate and create a record for this court to engage in a meaningful appellate review of J.B.'s petition to seal.

**Law and Analysis**

**{¶ 11}** In J.D.B.'s first assignment of error, he argues that the trial court abused its discretion when it denied his motion to seal because the court did not

properly weigh the competing interests involved and the court's decision is not supported by the record.

{¶ 12} As an initial matter, we note that the Ohio Revised Code distinguishes between the sealing of a record and the expungement of a record. "Expungement often refers to the destruction, deletion, or erasure of records so they are no longer retrievable." *State v. T.C.N.*, 2023-Ohio-3156, ¶ 9 (8th Dist.), citing *Capital One Bank United States, N.A. v. Essex*, 2014-Ohio-4247, ¶ 11 (2d Dist.), referencing former R.C. 2953.37(A)(1) and 2953.38(A)(1). "Sealing, to the contrary, does not require the destruction of the records but limits access to the records to specific persons/entities." *Id.* Law enforcement and prosecuting attorneys are among those with access to sealed records. *Id.*

{¶ 13} R.C. 2953.32 permits courts to seal records following a conviction except as set forth under R.C. 2953.32(A)(1) and 2953.61. R.C. 2953.32 is a "remedial statute," and the purpose of sealing a record of conviction is to recognize that people may be rehabilitated. *State v. A.S.*, 2022-Ohio-3833, ¶ 7 (1st Dist.), citing *State v. R.S.*, 2022-Ohio-1108, ¶ 10 (1st Dist.), and *State v. Petrou*, 13 Ohio App.3d 456 (9th Dist. 1984).

{¶ 14} Pursuant to R.C. 2953.32(C), upon the offender's filing of an application to seal their record, the trial court shall set a hearing, and the court shall hold the hearing between 45 and 90 days after the filing of the application. *State v. W.A.R.*, 2024-Ohio-256, ¶ 18 (8th Dist.). R.C. 2953.32(D)(1) further outlines what the trial court shall do at the hearing as follows:

(a) Determine whether the applicant is pursuing sealing or expunging a conviction of an offense that is prohibited under division (A) of this section or whether the forfeiture of bail was agreed to by the applicant and the prosecutor in the case, and determine whether the application was made at the time specified in division (B)(1)(a) or (b) or division (B)(2)(a) or (b) of this section that is applicable with respect to the application and the subject offense;

(b) Determine whether criminal proceedings are pending against the applicant;

(c) Determine whether the applicant has been rehabilitated to the satisfaction of the court;

(d) If the prosecutor has filed an objection in accordance with division (C) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;

(e) If the victim objected, pursuant to the Ohio Constitution, consider the reasons against granting the application specified by the victim in the objection;

(f) Weigh the interests of the applicant in having the records pertaining to the applicant's conviction or bail forfeiture sealed or expunged against the legitimate needs, if any, of the government to maintain those records;

(g) Consider the oral or written statement of any victim, victim's representative, and victim's attorney, if applicable;

(h) If the applicant was an eligible offender of the type described in division (A)(3) of section 2953.36 of the Revised Code as it existed prior to the effective date of this amendment, determine whether the offender has been rehabilitated to a satisfactory degree. In making the determination, the court may consider all of the following:

(i) The age of the offender;

(ii) The facts and circumstances of the offense;

(iii) The cessation or continuation of criminal behavior;

(iv) The education and employment of the offender;

(v) Any other circumstances that may relate to the offender's rehabilitation.

{¶ 15} An appellate court generally reviews the denial of an application to seal records for an abuse of discretion. *W.A.R.* at ¶ 16, citing *Bedford v. Bradberry*, 2014-Ohio-2058, ¶ 5 (8th Dist.). Thus, we will not reverse the trial court's judgment unless the court has exercised its discretionary judgment over the matter in an unwarranted way or committed legal error. *A.S.*, 2022-Ohio-3833, at ¶ 5, citing *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35.

{¶ 16} Here, there is no dispute that J.D.B. was eligible to have his criminal record sealed. Therefore, our analysis is primarily concerned with the trial court's weighing of the competing interests involved, whether J.D.B. satisfied his burden described above, and whether J.D.B. adequately demonstrated that he was rehabilitated.

{¶ 17} It is the applicant's burden to demonstrate legitimate reasons, as opposed to a general privacy interest, why the records should not remain open to the public. *State v. A.L.H.*, 2023-Ohio-4789, ¶ 20, (8th Dist.) citing *State v. J.D.*, 2013-Ohio-4706, ¶ 8 (8th Dist.), citing *State v. Haney*, 70 Ohio App.3d 135 (10th Dist. 1991). This burden is typically met by presenting evidence or testimony supporting the application, and the trial court must have evidence or testimony upon which to base its decision to seal the record. *Id.*, citing *State v. N.C.*, 2022-Ohio-781, ¶ 11 (9th Dist.), citing *State v. A.V.*, 2019-Ohio-1037, ¶ 9 (9th Dist.). A mere recitation that the applicant complied with the statutory requirements is

insufficient to meet the burden. *A.V.* at ¶ 24. Further, counsel's arguments at the hearing do not constitute evidence. *A.L.H.* at ¶ 25, citing *Hersh v. Cuyahoga Cty. Bd. of Revision*, 2020-Ohio-3596, ¶ 15 (8th Dist.). Absent evidence or testimony from the applicant, the applicant does not satisfy his burden, and the trial court does not abuse its discretion in denying the motion to seal a conviction. *Id.* at ¶ 26; *State v. Evans*, 2013-Ohio-3891 (10th Dist.) (trial court abused its discretion when it granted offender's application to seal her record of conviction because the record did not include any evidence concerning the offender's rehabilitation). "'Once this burden is met and those needs outweigh the legitimate interests of the state in maintaining the records, the application should be freely granted.'" *Id.*, quoting *N.C.* at ¶ 11, citing *State v. Garry*, 2007-Ohio-4878 (1st Dist.).

{¶ 18} With respect to whether J.D.B. presented legitimate reasons, beyond general privacy concerns, to seal his criminal record, our review of the record does not reflect any evidence demonstrating legitimate reasons that his application should be granted. While this court appreciates the general privacy interests in sealing the record of a criminal conviction, we cannot identify any legitimate reasons beyond these interests showing that J.D.B.'s application should have been granted. The entirety of J.D.B.'s presentation at the hearing consisted of statements from his counsel; while counsel stated that J.D.B. was eligible to have his conviction sealed and asserted that J.D.B. was unlikely to reoffend, no additional interests in having the record sealed were presented to the court. Thus, J.D.B. did not satisfy his burden of presenting legitimate reasons to seal his criminal record.

{¶ 19} Based on the foregoing, the trial court did not abuse its discretion in denying J.D.B.'s application to seal. Therefore, J.D.B.'s first assignment of error is overruled.

{¶ 20} In his second assignment of error, J.D.B. argues that the trial court failed to articulate and create a record for this court to engage in a meaningful appellate review of his application to seal.

{¶ 21} J.D.B. is correct that the trial court did not articulate any reasons for its denial of his application to seal. The trial court took the matter under advisement at the conclusion of the hearing, and the court subsequently issued a summary denial of the application via a single-sentence journal entry. J.D.B. is also correct that, generally, a trial court is required to place its findings on the record when denying an application to seal. *S.D.F.*, 2025-Ohio-1832, ¶ 21 (8th Dist.). However, this court has held that where an applicant does not testify at the hearing or present evidence in support of their application, a trial court does not err in failing to place its findings on the record when denying the application. *Id.*

{¶ 22} Therefore, J.D.B.'s second assignment of error is overruled.

{¶ 23} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
WILLIAM A. KLATT, JUDGE*

LISA B. FORBES, P.J., and
SEAN C. GALLAGHER, J., CONCUR


(*Sitting by assignment:  William A. Klatt, J., retired, of the Tenth District Court of Appeals.)